UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 06-1138-JGD |
| | ) | |
| JONATHAN SERRA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

The defendant Jonathan Serra ("Serra") has moved to dismiss the charge that he violated 36 C.F.R. § 4.23(c)(2) — refusal to take a breath alcohol test. (Docket No. 9). For the reasons detailed herein, the motion is DENIED.

### DISCUSSION

**1.     36 C.F.R. § 4.23(c)(2) is a Separately Chargeable Act**

Serra's first argument is that 36 C.F.R. § 4.23(c)(2) is not punishable as a separate violation, but rather, is an evidentiary regulation pursuant to which the government may introduce the refusal to take the breath test against him at trial. The argument is defeated by the language of the provision in question. Thus the relevant provisions of 36 C.F.R. are as follows:

> § 4.23 Operating under the influence of alcohol or drugs.
>
> (a)     Operating or being in actual physical control of a motor vehicle is prohibited while:

>> (1)   Under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation;
>
> ***
>
> (c)   Tests.
>
>> (1)   At the request or direction of an authorized person who has probable cause to believe that an operator of a motor vehicle within a park area has violated a provision of paragraph (a) of this section, the operator shall submit to one or more tests of the blood, breath, saliva or urine for the purpose of determining blood alcohol and drug content.
>>
>> (2)   <u>Refusal by an operator to submit to a test is prohibited</u> and proof of refusal may be admissible in any related judicial proceeding.

(Emphasis added). Thus, it is clear that § 4.23(a) prohibits the operation of a vehicle while under the influence, § 4.23(c)(1) requires a driver to submit to specified tests under specified conditions, and § 4.23(c)(2) separately prohibits a driver from refusing to take a test enumerated in § 4.23(c)(1). This court finds the language at issue to be clear and unambiguous, and to create a separate violation for refusing to take a breath alcohol test.

**2.   <u>There is No Fifth Amendment Violation</u>**

Serra next argues that admission of the refusal to take the breath test would violate his Fifth Amendment right against self-incrimination. This argument would be persuasive if his rights under the Massachusetts Constitution were at issue here. See <u>Opinion of the Justices</u>, 412 Mass. 1201, 1210-11, 591 N.E.2d 1073, 1078 (1992) (noting "the difference in the phraseology between the Massachusetts Constitution and the Fifth Amendment," the court concludes admitting evidence of a refusal to take a breath test would violate the

self-incrimination clause of the Massachusetts Constitution).  However, it is well established as a matter of federal law that the admission into evidence of a defendant's refusal to take a breath alcohol test does not violate a defendant's privilege against self incrimination as defined by the United States Constitution.  See South Dakota v. Neville, 459 U.S. 553, 564, 103 S. Ct. 916, 922-23, 74 L. Ed. 2d 748 (1983).  Where, as here, a federal crime has been charged, federal law controls.  See United States v. Rowell, 903 F.2d 899, 901-02 (2d Cir. 1990) (federal standard of probable cause applied in federal prosecution, even though warrants were issued by state court), and cases cited; United States v. Combs, 672 F.2d 574, 578 (6th Cir. 1982) (federal standards of unreasonable search and seizure apply in federal prosecution: "states are not free to impose on Federal courts requirements more strict than those of the Federal laws or Constitution").  Since the admission of the refusal to take a breath test does not violate federal law, Serra's motion to dismiss must be denied.

### 3. There is No Double Jeopardy

Finally, Serra argues that if the refusal to take a breath alcohol test is a separate crime it would offend the Fifth Amendment prohibition against Double Jeopardy.  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).  In the instant case, 36 C.F.R. § 4.23(a)(1) requires operation of a

motor vehicle and that the operator be under the influence of alcohol, while § 4.23(c)(2) requires that the operator refuse to take a breath alcohol test. The elements of each crime are distinct and Double Jeopardy is not an issue.

## **CONCLUSION**

For all of the reasons detailed herein, the Defendant's Motion to Dismiss Violation (Docket No. 9) is DENIED.

                                     / s / Judith Gail Dein
                                     Judith Gail Dein
                                     United States Magistrate Judge

DATED: January 12, 2007